312

John H. EILAND, Petitioner,

v.

John C. AHEARN, Albert F. Adams and Edward K. Jones, as members of the Real Estate Commission of the District of Columbia, respondents.

No. 2333.

Municipal Court of Appeals for the District of Columbia.

Argued March 16, 1959.

Decided July 21, 1959.

Joseph C. Waddy, Washington, D. C., with whom William C. Gardner and William B. Bryant, Washington, D. C., were on the brief, for petitioner.

Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondents.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Petitioner seeks our review of an order of the Real Estate Commission suspending his real-estate broker's license for ninety days effective November 13, 1958. We stayed the suspension order pending final disposition of this appeal.[1]

Petitioner was originally licensed by the Commission in 1949; pursuant to the provisions of Code 1951, § 45–1407, his license was renewed each subsequent year. On July 1, 1958, his license was again renewed to expire June 30, 1959. On July 2, 1958, he was personally served with an order of the Commission charging him with three acts of alleged misconduct, all of them having occurred prior to July 1, 1958. After a hearing on July 17, 1958, his license was suspended for ninety days. His counsel contend (1) that having renewed the license on July 1, 1958 to continue to June 30, 1959, the Commission was without power to suspend it by reason of charges of misconduct of which they had

1. Code 1951, § 11–772(f) Supp. VII.

knowledge on the renewal date, and (2) there was no substantial evidence before the Commission to support its findings and the suspension order.

In Stone v. Board of Examiners and Registrars of Architects,[2] we were asked to review an order of that Board revoking Stone's registration as an architect under the provisions of Code 1951, § 2–1001 et seq. One of the contentions there was that the Board had no right to revoke the license because the fraud or misrepresentation for which the license was revoked occurred several years prior to the renewals of his license, and that having renewed it annually the Board's right to revoke his license was waived by it. In that case we said:

> "Petitioner also contends that the Board by annually renewing his registration has waived its right to revoke. This contention cannot stand. The statute requires registration and annual renewal. Once registered an architect may practice until his registration is lawfully revoked or until he permits his certificate to lapse for failure to renew. He is entitled to renew unless his registration is revoked and it cannot be revoked except after notice and hearing. The Board could not have refused to renew on the sole ground that charges were pending against petitioner or that it had received information adverse to him. Renewal is largely a ministerial act and in no way establishes the validity of the original registration."

The statutes creating the Board and the Real Estate Commission, particularly the provisions governing the issuance, renewal, revocation and suspension of licenses, are substantially the same. We accordingly hold that the Commission had the right to proceed with the hearing in this case and to suspend or revoke the license if the facts warranted such action.

In connection with petitioner's contention that there was no substantial evidence to support the findings of the Commission, an examination of the record indicates that he was found guilty of "substantial misrepresentation" in violation of Code, § 45–1408(a); failing "within a reasonable time to account for or to remit money coming into his possession which belonged to others" in violation of Code, § 45–1408(g) and of "fraudulent and dishonest dealing" in violation of Code, § 45–1408(j).

We think no good purpose would be served by discussing in detail the evidence adduced before the Commission in support of its findings. We have carefully examined such evidence and conclude that it substantially supports the decision of the Commission.

Affirmed.

2. D.C.Mun.App., 126 A.2d 157, 159, vacated on other grounds 101 U.S.App.D.C 348, 249 F.2d 104.